

Connell Foley LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
P 973.436.5800   F 973.436.5801

**Catherine G. Bryan**
Partner
Direct Dial 973-436-5708
CBryan@connellfoley.com

November 29, 2022

**VIA EMAIL AND ELECTRONIC FILING**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street- Courtroom 12C
New York, New York 10007

    Re:    **Fatima Irving v. SEC**
             **Civil Action No. 1:22-cv-09226-GHW**

Dear Judge Woods:

    In accordance with Your Honor's November 1, 2022 Order, the parties hereby submit this joint letter in advance of the Initial Pretrial Conference scheduled for December 6, 2022 at 2:00 p.m. by telephone.

1. <u>A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.</u>

    Plaintiff, Fatima Irving, alleges she tripped on Elevator 4 on July 22, 2022 at Montefiore Hospital (3400 Bainbridge Ave, Bronx, New York) due to the elevator being mis-leveled. Plaintiff's complaint alleges negligence. She was an employee of the hospital, working as a clerk, when the incident occurred. As a result of the incident, she alleges to have suffered injuries, including, but not limited to, injuries to her neck, back, right hip, right leg, right hand/wrist, and right shoulder the full extent of which are not yet known.

    Defendant Schindler Elevator Corporation ("SEC") denies any negligence or wrongdoing and disputes liability, proximate cause, and damages.

2. <u>A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii).</u>

    Subject matter jurisdiction is properly founded on diversity of citizenship. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that this is a civil action wherein

Roseland    Jersey City    Newark    New York    Cherry Hill    Philadelphia
www.connellfoley.com
6781986-1

The Honorable Gregory H. Woods, U.S.D.J.
November 29, 2022
Page 2

plaintiff will, upon information and belief, allege that her damages exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As stated in the Verified Complaint, plaintiff, at the time this action was commenced, was and still is a resident of the State of New York. An individual's residence at the time the lawsuit is commenced is prima facie evidence of domicile. Galu v. Attias, 923 F.Supp. 590, 595 (S.D.N.Y. 1996) (citing Williamson v. Osenton, 232 U.S. 619, 624-25 (1914)). For purposes of diversity jurisdiction, a corporation is considered a resident of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). At the time this action was commenced, SEC was, and still is a Delaware corporation with its principal place of business at its headquarters located at 20 Whippany Road, Morristown, New Jersey 07960. Thus, SEC is a citizen of Delaware and New Jersey. Accoridngly, there is complete diversity amongst the parties in interest.

Further, the $75,000 threshold is met. According to the Verified Complaint, plaintiff alleges that she "sustained severe personal injuries." ECF Doc. 5-1 at ¶ 30. Plaintiff alleges she was "severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time." Id., at ¶ 29. She alleges she was "compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor, for medicines, and upon information and belief, the Plaintiff will necessarily incur similar expenses." Id., at ¶ 30. Further, the Verified Complaint at Paragraph 33 alleges that plaintiff "was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action." "Allegations of serious, permanent, and debilitating physical and mental injury support the conclusion that there is a reasonable probability that the $75,000 threshold will be satisfied." Nickel v. Nike, Inc., 2011 U.S. Dist. LEXIS 93313 at *5 (S.D.N.Y.) Further, plaintiff's counsel was unable to stipulate that the amount in controversy would not exceed $75,000. Courts in this Circuit have accepted a refusal to stipulate to cap damages as evidence that the amount in controversy requirement has been satisfied. See Armstrong v. ADT Sec. Services, 2007 U.S. Dist. Lexis 5452 (S.D.N.Y. 2007) at *8 (finding plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount); see also Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (finding that plaintiff's failure to stipulate to limit damages award below jurisdictional threshold which could have "easily defeated removal" was evidence defendant had satisfied amount in controversy requirement).

As such, subject matter jurisdiction is properly founded on diversity of citizenship. Venue is appropriately laid pursuant to 28 U.S.C. §1391 in the Southern District of New York as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

3. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference.

At present, there are no contemplated motions intended by either party, no pending motions and no applications expected to be made at the status conference.

6781986-1

The Honorable Gregory H. Woods, U.S.D.J.
November 29, 2022
Page 3

4. <u>A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (this is narrower than the general scope of discovery stated in Rule 26(b)(1));</u>

SEC intends to serve its Rule 26 Disclosures and discovery demands within the time provided by the Civil Case Management Plan and Scheduling Order. SEC intends to rely on any depositions testimony and any records received pursuant to subpoenas and HIPAA authorizations.

Plaintiff intends to serve her Rule 26 Disclosures and discovery demands within the time provided by the Civil Case Management Plan and Scheduling Order. Plaintiff intends to rely on any deposition testimony and any records received pursuant to subpoenas and discovery exchanges/responses.

5. <u>A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii).</u>

Plaintiff is claiming past, present, and future medical bills and past, present, and future pain and suffering, loss of enjoyment of life, and lost wages, the amounts of which will be determined at trial by the trier of fact. Plaintiff's injuries are still developing and she has not determined actual figures for pain and suffering at this time. Plaintiff's pain and suffering is continuing.

SEC leaves plaintiff to her proofs.

6. <u>A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and</u>

Settlement discussions have not taken place. The parties are willing to engage in a settlement conference at an appropriate time.

7. <u>Any other information the parties believe may assist the Court in resolving the action.</u>

None at this time.

The parties look forward to discussing this matter with Your Honor at the time of the conference. We thank the Court for its time and attention.

Respectfully submitted,

CATHERINE G. BRYAN

BRIAN VANNELLA

CGB/pjk

6781986-1